FILED
2021 Jul-22  PM 12:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **DEMECO GRANT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  4:20-cv-00802-ACA** |
| | } | |
| **COMMISSIONER,** | } | |
| **SOCIAL SECURITY** | } | |
| **ADMINISTRTAION,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Plaintiff DeMeco Grant appeals the decision of the Commissioner of Social Security denying his claims for a period of disability, disability insurance benefits, and supplemental security income.  Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.    PROCEDURAL HISTORY

On June 12, 2017, Mr. Grant applied for a period of disability, disability insurance benefits, and supplemental security income alleging that his disability began on March 5, 2015.  (R. at 28, 135, 161).  Mr. Grant later amended his alleged onset date to March 13, 2015.  (*Id.* at 28, 72).  The Commissioner initially denied

Mr. Grant's claims (*id.* at 162–171), and Mr. Grant requested a hearing before an Administrative Law Judge ("ALJ") (*r.* at 174–175). After holding a hearing (*id.* at 69–104), the ALJ issued an unfavorable decision (*id.* at 25–54). The Appeals Council denied Mr. Grant's request for review (*r.* at 60–67), making the Commissioner's decision final and ripe for the court's judicial review, under 42 U.S.C. §§ 405(g), 1383(c).

## II.   STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III.    ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Mr. Grant had not engaged in substantial gainful activity since his amended alleged onset date of March 13, 2015. (R. at 31). The ALJ found that Mr. Grant's insulin-dependent diabetes mellitus, obesity, and mood disorder were severe impairments, but that his hypertension, hyperlipidemia, headaches, seizure and syncope, history of asthma/COPD, tobacco abuse, acute otitis

media, liver dysfunction, history of left knee laceration, history of left ring finger fracture with an open wound and nail damage, and spinal disorders were non-severe impairments.  (*Id.* at 31–32).  The ALJ also found that Mr. Grant's learning disorder is not a medically determinable impairment.  (*Id.* at 36).  The ALJ then concluded that Mr. Grant does not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (R. at 36–41).

After considering the evidence of the record, the ALJ determined that Mr. Grant has the residual functional capacity to perform light work with a number of physical and environmental limitations.  (R. at 41).  Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that jobs existed in the national economy that Mr. Grant could perform, including assembler, inspector/checker, and wire worker.  (*Id.* at 53, 98–101).  Accordingly, the ALJ determined that Mr. Grant has not been under a disability, as defined in the Social Security Act, from his amended alleged onset date through the date of the decision. (*Id.* at 53–54).

## IV.   DISCUSSION

Mr. Grant argues that the court should reverse and remand the Commissioner's decision for two reasons: (1) because the ALJ failed to properly evaluate the opinions of treating physician Dr. Mohammad Ismail, and (2) because

the ALJ's decision is not based on substantial evidence.  (Doc. 11 at 26–30).  The court examines each issue in turn.

1.    The Weight of Dr. Ismail's Opinion

Mr. Grant's first argument is that the ALJ failed to accord great weight to the opinions of his treating physician, Dr. Ismail, without articulating good cause for doing so, as required by the Eleventh Circuit's treating physician rule.  (Doc. 11 at 25–29).  The Commissioner argues that Mr. Grant's reliance on the treating physician rule is misplaced because the Social Security Administration adopted new regulations governing how the Commissioner evaluates medical opinions for claims like Mr. Grant's filed after March 27, 2017.  (Doc. 12 at 8–18).  Mr. Grant acknowledges that the "'treating physician rule' has been abolished by [the new Social Security] Regulation," but he argues that the rule "remains in effect by Eleventh Circuit precedent."  (Doc. 13 at 4).  The court need not resolve this dispute regarding which standard applies to the evaluation of Dr. Ismail's opinion because under either framework, the ALJ's decision is supported by substantial evidence.

Under the new regulations, an ALJ need not give any special weight to any medical opinion, including that of a treating physician. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ considers the persuasiveness of a medical opinion using the following five factors: (1) supportability; (2) consistency; (3) the relationship with the claimant, including the length of the treatment relationship, the

frequency of examinations, and the purpose and extent of the treatment relationship; (4) specialization; and (5) other factors, including evidence showing the medical source has familiarity with other evidence or an understanding of the Social Security Administration's policies and evidentiary requirements. *Id.* at §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and therefore, the ALJ must explain how he considered those factors. *Id.* at §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, explain how he considered the other factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Eleventh Circuit's treating physician rule requires that an ALJ give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks and citation omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. at 1240–41.

Here, the ALJ explained that Dr. Ismail's opinion was neither consistent nor supported by the record. (R. at 49). That explanation satisfies the ALJ's regulatory obligation and establishes good cause for not giving substantial or considerable weight to Dr. Ismail's opinion under applicable Eleventh Circuit precedent. *See Crawford*, 363 F.3d at 1159–61.

6

In 2018, Dr. Ismail completed a physical capacities form in support of Mr. Grant's disability application. (R. at 799). Dr. Ismail opined that Mr. Grant can sit upright for three hours at a time and stand for less than thirty minutes at a time. (*Id.*). According to Dr. Ismail, Mr. Grant would be off task 10% of a normal 8-hour workday and would miss less than one day of work in a 30-day period. (*Id.*). Dr. Ismail also opined that Mr. Grant did not require the use of a cane for standing or walking, but in an 8-hour workday, Mr. Grant must lie down, sleep, or sit with his legs propped up at waist level or above for two hours. (R. at 799). Just over one month later, Dr. Ismail prescribed Mr. Grant a cane. (R. at 389).

The ALJ found that these opinions, which the ALJ determined to be "largely, if not all, based on [Mr. Grant's] subjective complaints, "are not persuasive and are disregarded." (R. at 50). In support of this conclusion, the ALJ cited to Dr. Ismail's sudden prescription for a cane for Mr. Grant in February 2019 just after opining that Mr. Grant did not require an assistive device was "internally inconsistent." (R. at 49). Additionally, the ALJ determined that Dr. Ismail's opinion that Mr. Grant was limited to less than the full range of sedentary work (while prescribed a cane), would stray off task for 10 percent of the workday, and would have a work absence limitation "is not consistent with or supported by the objective record." (*Id.*). The ALJ noted that while Dr. Ismail's treatment records reflected high BMI ranges and some cane use, other records revealed no atrophy, no assistive device use, and no

deficits in motor function, strength, or sensation.  (*Id.*).  And as for Dr. Ismail's suggestion that a mental health condition prevented Mr. Grant's medication compliance, the ALJ explained that that conclusion was inconsistent with the opinion of an independent psychological expert and Dr. Ismail's own exams that "fail[ed] to reveal any noted abnormal mental status findings."  (R. at 49–50).

Finally, the ALJ appropriately disregarded Dr. Ismail's 2019 letter in which he stated that Mr. Grant cannot work any kind of employment and should be on total disability because of his physical and mental impairments.  (R. at 808).  The ALJ correctly stated that Dr. Ismail's opinions about whether Mr. Grant "could work or is disabled are inherently neither valuable nor persuasive" because the opinions "simply address an issue reserved to the Commissioner."   (R. at 49).  Under the relevant regulations, whether Mr. Grant is disabled and can maintain a job are issues reserved for the Commissioner, and Dr. Ismail's opinion on those issues are not controlling.  *See* 20 C.F.R. § 404.1520b(c)(3) (statements that a claimant is disabled or unable to work are issues reserved to the Commissioner that are "inherently neither valuable nor persuasive, and an ALJ is not required to "provide any analysis" about how he considered such a statement in his decision); *Id.* at § 416.920b(c)(3) (same).   Therefore, the ALJ was not required to give special deference or consideration to Dr. Ismail's opinions that Mr. Grant is disabled and unable to work.

2.      Substantial Evidence

Mr. Grant next argues that the ALJ's decision was not based on substantial evidence. (Doc. 11 at 29–30). First, Mr. Grant claims that the ALJ failed to accord proper weight to the opinions of his treating physician, Dr. Ismail. (Doc. 11 at 29–31). Second, Mr. Grant claims that the ALJ disregarded the opinion of two consultative physicians, Dr Iyer and Dr. Fava. (Doc. 11 at 30). Neither argument is persuasive: the first is a mere reiteration of the argument the court previously addressed (*supra* pp. 5–8), and Mr. Grant abandoned the second.

"[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).

Mr. Grant's brief merely states, in a conclusory fashion, what the ALJ found with respect to Dr. Iyer's and Dr. Fava's opinions. (Doc. 11 at 30). The brief neither identifies specific error with the ALJ's evaluation of these opinions nor explains how the ALJ's decision to find the opinions less persuasive than others runs afoul of the governing regulations. (*See id.*). This sort of perfunctory argument gives neither

the Commissioner nor the court any guidance about Mr. Grant's argument aside from the fact that he asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). And Mr. Grant's reply brief fails to remedy the deficiencies of the initial brief. (*See* Doc. 13).

Because Mr. Grant's briefs do not present adequate argument on the issue of how the ALJ evaluated Dr. Iyer's and Dr. Fava's opinions, the court will not address it.

Finally, Mr. Grant argues that the ALJ's decision is not supported by substantial evidence because the ALJ relied on vocational expert testimony that was not based on a correct or full statement of Mr. Grant's limitations and impairments. (Doc. 13 at 10). "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Mr. Grant claims that the ALJ relied on testimony from the vocational expert based on an incomplete hypothetical because the hypothetical did not include the

limitations identified by Dr. Ismail, Dr. Iyer, and Dr. Fava.   However, an ALJ is not required to include limitations in a hypothetical that are unsupported by the record. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1161 (11th Cir. 2004).

With respect to the limitations Dr. Ismail noted, as explained above, substantial evidence supports the ALJ's decision to find Dr. Ismail's opinions unpersuasive. *See supra* pp. 5–9. With respect to the limitations identified by Dr. Iyer and Dr. Fava, again, Mr. Grant raises no specific challenge to the ALJ's decision to reject those limitations. *See supra* pp. 9–10. Thus, Mr. Grant has not demonstrated that the ALJ was required to include those limitations in the hypothetical question. *See Crawford*, 363 F.3d at 1161; *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 137 (11th Cir. 2009) ("[I]f additional impairments asserted by a claimant are not supported by substantial evidence, they do not need to be included in a hypothetical.").

## V.      CONCLUSION

Substantial evidence supports the ALJ's denial of Mr. Grant's applications for a period of disability, disability insurance benefits, and supplemental security income.  Therefore, the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this July 22, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE